UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHAEL LEWIS,                          :
                                        :
        Petitioner,                     :
                                        :
v.                                      :     No. 3:03CV913(DJS)
                                        :
IMMIGRATION AND NATURALIZATION          :
SERVICE,                                :
                                        :
        Respondent.                     :

## MEMORANDUM OF DECISION

Michael Lewis filed this petition for a writ of habeas corpus on May 23, 2003, seeking relief from the Immigration and Naturalization Service's final order of removal entered on July 9, 2002.  Both the Government and the petitioner have submitted papers in support of their respective positions.  For the reasons set forth herein, petitioner's application for a writ of habeas corpus is **DENIED**.

## I. FACTS

Petitioner Michael Lewis was admitted to the United States as a lawful permanent resident on or about August 10, 1971.  On or about December 11, 2000, petitioner entered Alford pleas of guilty to assault in the third degree, in violation of Section 53a-61 of the Connecticut General Statutes and possession of narcotics, specifically cocaine, in violation of Section 21a-279 of the Connecticut General Statutes.  Based upon these criminal convictions, the INS commenced removal proceedings against

petitioner on October 11, 2001.  After various administrative proceedings, the Immigration Judge ("IJ") entered a final order of removal against petitioner on July 9, 2002.  Petitioner did not take a timely appeal of the IJ's order or removal to the Board of Immigration Affairs.

On May 29, 2003, petitioner filed a motion to reopen his removal proceeding with the Immigration Court.  An IJ denied his motion on May 30, 2003.  Petitioner did not appeal this decision.

## II. DISCUSSION

Michael Lewis, who is currently subject to a final order of removal, has filed a petition for writs of habeas corpus pursuant to 28 U.S.C. § 2241.  The court has jurisdiction to hear this petition.  See I.N.S. v. St. Cyr, 533 U.S. 289, 315 (2001) (holding that jurisdiction to hear petitions under 28 U.S.C. § 2241 survived reforms to the Immigration and Naturalization Act); Liu v. I.N.S., 293 F.3d 36, 41 (2d Cir. 2002) (holding that the court has jurisdiction under 28 U.S.C. § 2241 to hear petitions filed by non-criminal aliens).  The scope of review of the INS' decision is limited to "purely legal statutory and constitutional claims," and "federal jurisdiction over § 2241 petitions does not extend to review of discretionary determinations by the IJ and BIA."  Sol v. I.N.S., 274 F.3d 648, 651 (2d Cir. 2001).

Petitioner's application must be denied for two reasons. First, by electing not to appeal the Immigration Judge's denial

-2-

of his motion to reopen his removal proceeding, petitioner has failed to exhaust his administrative remedies. The requirement of exhaustion can be either statutorily or judicially imposed. See Beharry v. Ashcroft, 329 F.3d 51, 56 (2d Cir. 2003). If exhaustion is required by statute, than failure to exhaust deprives the reviewing court of subject matter jurisdiction. See id. Given the unsettled question of whether the statutory exhaustion requirement set forth in 8 U.S.C. § 1252(d)(1) applies to review under 28 U.S.C. § 2241, see Beharry, 329 F.3d at 62, the court applies the judicial exhaustion doctrine, and finds that petitioner has failed to exhaust his administrative remedies by not taking an appeal to the BIA of the Immigration Judge's denial of his motion to reopen.

Second, even if a reason existed to allow petitioner to proceed with his application, his claim is without merit. Assuming, as he contends in his papers, that petitioner's conviction of assault in the third degree no longer qualifies as an "aggravated felony," as that term is used in determining removability in 8 U.S.C. § 1227(a)(2)(A)(iii), and ineligibility for cancellation of removal in 8 U.S.C. § 1229b(a), petitioner's conviction for possession of cocaine does qualify as an "aggravated felony," under both definitions of that term currently in use by the Court of Appeals for the Second Circuit. See U.S. v. Pornes-Garcia, 171 F.3d 142 (2d Cir. 1999); Aguirre

-3-

v. INS, 79 F.3d 315 (2d Cir. 1996). Because an independent basis for removal, and denial of cancellation of removal, exists in the record, petitioner is not entitled to relief.

### III. CONCLUSION

Based on the foregoing, the petition for a writ of habeas corpus (dkt. # 2) is **DENIED.** Judgment shall enter in favor of respondent. The Clerk of the Court shall close this case.

So ordered this ___ day of October, 2003.

DOMINIC J. SQUATRITO
UNITED STATES DISTRICT JUDGE